IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JIMMY SCOTT, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 4:19-CV-4 (CDL) |
| PIEDMONT COLUMBUS REGIONAL HOSPITAL, | * |
| | * |
| Defendant. | * |
| | * |

O R D E R

Jimmy Scott alleges that his former employer, Piedmont Columbus Regional Hospital ("Piedmont"), discriminated against him because of his race and age, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634 ("ADEA"). Piedmont moved to dismiss Scott's action because Scott did not allege that he filed it within ninety days after receiving his right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").[1] As discussed below, Piedmont's motion to dismiss (ECF No. 9) is granted.

---

[1] Scott appears to argue that Piedmont is in default. It is not. The U.S. Marshals Service sent a waiver of service request to Piedmont on January 11, 2019. *See* Waiver of Service 1, ECF No. 11. The waiver of service stated that Piedmont must serve an answer or a Rule 12 motion to dismiss within sixty days. *Id.* Piedmont filed its motion to dismiss within sixty days. There was no default.

MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

FACTUAL ALLEGATIONS

Scott, who is proceeding pro se, used a pro se employment discrimination complaint form. He stated that his action is brought under Title VII and the ADEA. Compl. ¶ 1, ECF No. 4. The Complaint does not state that it is brought pursuant to any other statute. Scott asserted that he filed a charge of discrimination with the EEOC and that he received a right-to-sue letter from the EEOC. *Id.* ¶¶ 7-8. Although the form asks for

the date Scott received the right-to-sue letter, Scott left that question blank. *Id.* ¶ 8. Scott alleges that Piedmont discriminated against him in a number of ways based on his age and race. *Id.* ¶¶ 12-14. Scott filed a charge of discrimination with the EEOC, and the EEOC sent him a right-to-sue letter which states that it was mailed on August 27, 2018. Compl. at 15. The letter states: "This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost." *Id.* Scott filed this action on December 6, 2018, which was beyond the ninety day deadline.

DISCUSSION

A plaintiff seeking relief under Title VII or the ADEA must first exhaust his administrative remedies by filing a charge of discrimination with the EEOC. See 42 U.S.C. § 2000e-5(b) & (f)(1) (setting forth procedures for EEOC to handle Title VII charges of discrimination and stating that a civil action may be brought after the EEOC procedures are finished); 29 U.S.C. § 626(d)(1) (stating that no ADEA civil action may be commenced unless an EEOC charge has been filed). The purpose of the exhaustion requirement is to allow the EEOC to "have the first

3

opportunity to investigate the alleged discriminatory practices" so it can "perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (per curiam) (quoting *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983)). If the EEOC dismisses the charge or otherwise terminates the proceedings, it must send the plaintiff a notice, often called a right-to-sue letter. Once the plaintiff receives the right-to-sue letter, he must file his action within ninety days. *See* 42 U.S.C. § 2000e-5(f)(1) (setting 90-day deadline for Title VII cases); 29 U.S.C. § 626(e) (setting 90-day deadline for ADEA cases).

Here, Scott does not dispute that the EEOC mailed his right-to-sue letter on August 27, 2018. Scott does not allege or argue that he filed his Complaint in a timely manner, within ninety days after receiving the right-to-sue letter. Rather, Scott argues that "it is not uncommon for people – especially those who haven't retained a personal attorney to miss deadlines." Pl.'s Opp'n to Def.'s Mot. to Dismiss 3, ECF No. 16-2. He further argues that the Court should find that he missed the ninety-day deadline due to "excusable neglect." *Id.* at 4.

The statutory time limit for filing suit after receiving a right-to-sue letter is "non-jurisdictional," so it is "subject

to equitable tolling, permitting a court to disregard the late filing under certain circumstances." *Gant v. Jefferson Energy Co-op.*, 348 Fed. App'x 433, 434 (11th Cir. 2009) (per curiam); *accord Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (holding that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling"). "Equitable tolling 'is an extraordinary remedy which should be extended only sparingly,'" and the plaintiff "must establish that tolling is warranted." *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) (quoting *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993)). "Equitable tolling is appropriate when a movant untimely files because of *extraordinary circumstances* that are both beyond his control and unavoidable even with diligence." *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). Extraordinary circumstances justifying equitable tolling "include 'fraud, misinformation, or deliberate concealment.'" *Gant*, 348 F. App'x at 434 (quoting *Jackson*, 506 F.3d at 1355). But, equitable tolling is not appropriate when a plaintiff fails to act with due diligence or is negligent. *Bost*, 372 F.3d at 1242. So, "where the plaintiff's failure to file was caused by plaintiff's

own negligence, the limitations period will not be equitably tolled." *Bryant v. U.S. Dep't of Agric.*, 967 F.2d 501, 504 (11th Cir. 1992) (quoting *Smith v. McClammy*, 740 F.2d 925 (11th Cir. 1984)). Equitable tolling "does not extend 'to what is at best a garden variety claim of excusable neglect.'" *Id.* (quoting *Irwin v. Veterans Admin.*, 498 U.S. 89, 95 (1990)).

Here, Scott argues that excusable neglect caused his Complaint to be untimely. Scott does not argue that extraordinary circumstances like fraud, misinformation, or deliberate concealment prevented him from filing his Complaint on time. He simply contends he should be excused from the deadline requirement without explaining how his neglect was excusable. Equitable tolling is not authorized under these circumstances. Because Scott's Complaint was untimely under both Title VII and the ADA, it must be dismissed.

## CONCLUSION

For the reasons set forth above, Piedmont's motion to dismiss (ECF No. 9) is granted.

IT IS SO ORDERED, this 23rd day of May, 2019.

S/Clay D. Land  
CLAY D. LAND  
CHIEF U.S. DISTRICT COURT JUDGE  
MIDDLE DISTRICT OF GEORGIA