APPEAL,CLC1,NOMDL,PRO SE

# U.S. District Court [LIVE AREA]
# Middle District of Georgia (Columbus)
# CIVIL DOCKET FOR CASE #: <u>4:19−cv−00004−CDL</u>

SCOTT v. PIEDMONT COLUMBUS REGIONAL HOSPITAL  
Assigned to: US DISTRICT JUDGE CLAY D LAND  
Case in other court:  Georgia Northern, 1:18−cv−05557  
Cause: 42:2000 Job Discrimination (Race)

Date Filed: 01/07/2019  
Date Terminated: 05/24/2019  
Jury Demand: Plaintiff  
Nature of Suit: 442 Civil Rights: Jobs  
Jurisdiction: Federal Question

**Plaintiff**

**JIMMY SCOTT**     represented by    **JIMMY SCOTT**  
314 6TH ST  
COLUMBUS, GA 31901  
706−326−9535  
PRO SE

V.

**Defendant**

**PIEDMONT COLUMBUS REGIONAL HOSPITAL**     represented by    **MATTHEW J GILLIGAN**  
3340 PEACHTREE RD NE STE 1900  
ATLANTA, GA 30326  
404−537−5525  
Email: mgilligan@hagrslaw.com  
*ATTORNEY TO BE NOTICED*

**WAYNE M CARTWRIGHT**  
3340 PEACHTREE ROAD NE STE 1900  
ATLANTA, GA 30326  
404−442−8776  
Email: wcartwright@hagrslaw.com  
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 12/06/2018 | <u>1</u> | | APPLICATION by Jimmy Scott for Leave to Proceed in forma pauperis. (Attachments: # <u>1</u> Complaint, # <u>2</u> Civil Cover Sheet)(usw) [Transferred from gand on 1/7/2019.] (Entered: 12/10/2018) |
| 12/06/2018 | | | Submission of <u>1</u> APPLICATION for Leave to Proceed in forma pauperis, to Magistrate Judge Catherine M. Salinas. (usw) [Transferred from gand on 1/7/2019.] (Entered: 12/10/2018) |
| 12/10/2018 | | | Submission of <u>1</u> APPLICATION for Leave to Proceed in forma pauperis, to Magistrate Judge Catherine M. Salinas. (usw) [Transferred from gand on 1/7/2019.] (Entered: 12/10/2018) |
| 12/14/2018 | <u>2</u> | | |

|  |  |  | ORDER: IT IS HEREBY ORDERED that this case is TRANSFERRED to the Columbus Division of the United States District Court for the Middle District of Georgia for further proceedings. If there are no objections filed within FOURTEEN (14) DAYS of the entry of this Order, the Clerk is DIRECTED to TRANSFER this case to the Columbus Division of the United States District Court for the Middle District of Georgia. Should objections be filed, the Clerk should await a further Order from the District Court. The Clerk is DIRECTED to terminate the referral to the undersigned U.S. Magistrate Judge. Signed by Magistrate Judge Catherine M. Salinas on 12/14/18. (bnw) [Transferred from gand on 1/7/2019.] (Entered: 12/14/2018) |
|---|---|---|---|
| 12/14/2018 |  |  | Clerk's Certificate of Mailing as to Jimmy Scott re 2 Order. (bnw) [Transferred from gand on 1/7/2019.] (Entered: 12/14/2018) |
| 01/07/2019 |  |  | Civil Case Terminated. Magistrate Judge Catherine M. Salinas terminated from case. (bnw) [Transferred from gand on 1/7/2019.] (Entered: 01/07/2019) |
| 01/07/2019 |  |  | Case transferred to District of Middle District of Georgia Columbia Division. Original file copy of transfer order and docket sheet sent. (bnw) [Transferred from gand on 1/7/2019.] (Entered: 01/07/2019) |
| 01/07/2019 | 3 |  | Case transferred in District Transfer from District of Georgia Northern; Case Number 1:18−cv−05557. Original file certified copy of transfer order and docket sheet received. **The Notice of Electronic Filing serves as certification for these transferred documents.** (Entered: 01/07/2019) |
| 01/07/2019 | 4 |  | COMPLAINT filed by JIMMY SCOTT against PIEDMONT COLUMBUS REGIONAL HOSPITAL (originally filed in the Northern District of Georgia on December 6, 2018) (Attachments: # 1 Civil Cover Sheet)(tlf). (Entered: 01/07/2019) |
| 01/07/2019 | 5 |  | MOTION for Leave to Proceed in forma pauperis filed by JIMMY SCOTT. Motion **referred** to US MAGISTRATE JUDGE STEPHEN HYLES(tlf). (Entered: 01/07/2019) |
| 01/07/2019 | 6 |  | This is a text only entry; no document issued. *ORDER* granting 5 Motion for Leave to Proceed in forma pauperis and Directing Service by US Marshal. Ordered by US MAGISTRATE JUDGE STEPHEN HYLES on 1−7−19. (jdl) (Entered: 01/07/2019) |
| 01/07/2019 |  |  | US MAGISTRATE JUDGE STEPHEN HYLES no longer assigned to case (tlf). (Entered: 01/07/2019) |
| 01/07/2019 | 7 |  | USM 285 Process Receipt and Return **issued** for PIEDMONT COLUMBUS REGIONAL HOSPITAL (tlf). (Entered: 01/07/2019) |
| 01/11/2019 | 8 |  | USM 285 Process Receipt and Return **mailed** for PIEDMONT COLUMBUS REGIONAL HOSPITAL (tlf). (Entered: 01/11/2019) |
| 03/11/2019 | 9 |  | MOTION to Dismiss Complaint re 4 Complaint : by PIEDMONT COLUMBUS REGIONAL HOSPITAL filed by MATTHEW J GILLIGAN. (Attachments: # 1 Memorandum in Support Defendant's Memorandum of Law in Support of Motion to Dismiss)(GILLIGAN, MATTHEW) (Entered: 03/11/2019) |
| 03/11/2019 | 10 |  | USM 285 Process Receipt and Return EXECUTED for PIEDMONT COLUMBUS REGIONAL HOSPITAL (tlp) (Entered: 03/11/2019) |

| 03/11/2019 | 11 | | WAIVER OF SERVICE Returned Executed by PIEDMONT COLUMBUS REGIONAL HOSPITAL (tlp) (Entered: 03/11/2019) |
|---|---|---|---|
| 04/05/2019 | 12 | | Letter from plaintiff regarding clerk's extension (tlf). (Entered: 04/05/2019) |
| 04/05/2019 | | | Notice of Clerk's Granting of Plaintiff's request for Extension Pursuant to Local Rule 6.2 (tlf). (Entered: 04/05/2019) |
| 04/08/2019 | | | Notice of Deficiency (following document: 9 Motion to Dismiss Complaint filed by PIEDMONT COLUMBUS REGIONAL HOSPITAL re: 4 Complaint filed by JIMMY SCOTT). *Pursuant to Local Rule 87.1, all nongovernmental corporate parties must file a Corporate Disclosure Statement.* **Please file the required corporate disclosures immediately.** (esl) (Entered: 04/08/2019) |
| 04/09/2019 | 13 | | Corporate Disclosure Statement by PIEDMONT COLUMBUS REGIONAL HOSPITAL (GILLIGAN, MATTHEW) (Entered: 04/09/2019) |
| 04/16/2019 | 14 | | NOTICE of Attorney Appearance by WAYNE M CARTWRIGHT on behalf of PIEDMONT COLUMBUS REGIONAL HOSPITAL Attorney WAYNE M CARTWRIGHT added to party PIEDMONT COLUMBUS REGIONAL HOSPITAL(pty:dft) (CARTWRIGHT, WAYNE) (Entered: 04/16/2019) |
| 04/16/2019 | 15 | | CERTIFICATE OF SERVICE by PIEDMONT COLUMBUS REGIONAL HOSPITAL re 14 Notice of Attorney Appearance (CARTWRIGHT, WAYNE) (Entered: 04/16/2019) |
| 04/19/2019 | 16 | | RESPONSE filed by JIMMY SCOTT re 9 MOTION to Dismiss Complaint re 4 Complaint : (Attachments: # 1 Plaintiff's Opposition to Motion to Dismiss Complaint – Introduction, # 2 Memorandum in Support, # 3 Certificate of Service)(esl) (Entered: 04/22/2019) |
| 05/01/2019 | 17 | | REPLY to Response filed by PIEDMONT COLUMBUS REGIONAL HOSPITAL re 9 MOTION to Dismiss Complaint re 4 Complaint : (GILLIGAN, MATTHEW) (Entered: 05/01/2019) |
| 05/10/2019 | 18 | | SURREPLY filed by JIMMY SCOTT re 9 MOTION to Dismiss Complaint re 4 Complaint (tlf). (Entered: 05/14/2019) |
| 05/14/2019 | | | Notice of Deficiency; Related document: 18 Surreply filed by JIMMY SCOTT; Document requires leave of court before filing. The Rules of Court do not allow for a reply to a reply to a response to a motion without permission from the court (tlf). (Entered: 05/14/2019) |
| 05/23/2019 | 19 | | ***ORDER*** granting 9 Motion to Dismiss Complaint Ordered by US DISTRICT JUDGE CLAY D LAND on 05/23/2019 (CCL) (Entered: 05/23/2019) |
| 05/24/2019 | 20 | | ***JUDGMENT*** in favor of PIEDMONT COLUMBUS REGIONAL HOSPITAL against JIMMY SCOTT (esl) (Entered: 05/24/2019) |
| 06/19/2019 | 21 | | NOTICE OF APPEAL as to 20 Judgment, 19 Order on Motion to Dismiss Complaint by JIMMY SCOTT. (esl) (Entered: 06/20/2019) |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JIMMY SCOTT, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 4:19-CV-4 (CDL) |
| PIEDMONT COLUMBUS REGIONAL HOSPITAL, | * |
| | * |
| Defendant. | |
| | * |

O R D E R

Jimmy Scott alleges that his former employer, Piedmont Columbus Regional Hospital ("Piedmont"), discriminated against him because of his race and age, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634 ("ADEA"). Piedmont moved to dismiss Scott's action because Scott did not allege that he filed it within ninety days after receiving his right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").[1] As discussed below, Piedmont's motion to dismiss (ECF No. 9) is granted.

---

[1] Scott appears to argue that Piedmont is in default. It is not. The U.S. Marshals Service sent a waiver of service request to Piedmont on January 11, 2019. *See* Waiver of Service 1, ECF No. 11. The waiver of service stated that Piedmont must serve an answer or a Rule 12 motion to dismiss within sixty days. *Id.* Piedmont filed its motion to dismiss within sixty days. There was no default.

MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

FACTUAL ALLEGATIONS

Scott, who is proceeding pro se, used a pro se employment discrimination complaint form. He stated that his action is brought under Title VII and the ADEA. Compl. ¶ 1, ECF No. 4. The Complaint does not state that it is brought pursuant to any other statute. Scott asserted that he filed a charge of discrimination with the EEOC and that he received a right-to-sue letter from the EEOC. *Id.* ¶¶ 7-8. Although the form asks for

2

the date Scott received the right-to-sue letter, Scott left that question blank. *Id.* ¶ 8. Scott alleges that Piedmont discriminated against him in a number of ways based on his age and race. *Id.* ¶¶ 12-14. Scott filed a charge of discrimination with the EEOC, and the EEOC sent him a right-to-sue letter which states that it was mailed on August 27, 2018. Compl. at 15. The letter states: "This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost." *Id.* Scott filed this action on December 6, 2018, which was beyond the ninety day deadline.

## DISCUSSION

A plaintiff seeking relief under Title VII or the ADEA must first exhaust his administrative remedies by filing a charge of discrimination with the EEOC. See 42 U.S.C. § 2000e-5(b) & (f)(1) (setting forth procedures for EEOC to handle Title VII charges of discrimination and stating that a civil action may be brought after the EEOC procedures are finished); 29 U.S.C. § 626(d)(1) (stating that no ADEA civil action may be commenced unless an EEOC charge has been filed). The purpose of the exhaustion requirement is to allow the EEOC to "have the first

3

opportunity to investigate the alleged discriminatory practices" so it can "perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (per curiam) (quoting *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983)). If the EEOC dismisses the charge or otherwise terminates the proceedings, it must send the plaintiff a notice, often called a right-to-sue letter. Once the plaintiff receives the right-to-sue letter, he must file his action within ninety days. *See* 42 U.S.C. § 2000e-5(f)(1) (setting 90-day deadline for Title VII cases); 29 U.S.C. § 626(e) (setting 90-day deadline for ADEA cases).

Here, Scott does not dispute that the EEOC mailed his right-to-sue letter on August 27, 2018. Scott does not allege or argue that he filed his Complaint in a timely manner, within ninety days after receiving the right-to-sue letter. Rather, Scott argues that "it is not uncommon for people – especially those who haven't retained a personal attorney to miss deadlines." Pl.'s Opp'n to Def.'s Mot. to Dismiss 3, ECF No. 16-2. He further argues that the Court should find that he missed the ninety-day deadline due to "excusable neglect." *Id.* at 4.

The statutory time limit for filing suit after receiving a right-to-sue letter is "non-jurisdictional," so it is "subject

4

to equitable tolling, permitting a court to disregard the late filing under certain circumstances." *Gant v. Jefferson Energy Co-op.*, 348 Fed. App'x 433, 434 (11th Cir. 2009) (per curiam); *accord Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (holding that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling"). "Equitable tolling 'is an extraordinary remedy which should be extended only sparingly,'" and the plaintiff "must establish that tolling is warranted." *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) (quoting *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993)). "Equitable tolling is appropriate when a movant untimely files because of *extraordinary circumstances* that are both beyond his control and unavoidable even with diligence." *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). Extraordinary circumstances justifying equitable tolling "include 'fraud, misinformation, or deliberate concealment.'" *Gant*, 348 F. App'x at 434 (quoting *Jackson*, 506 F.3d at 1355). But, equitable tolling is not appropriate when a plaintiff fails to act with due diligence or is negligent. *Bost*, 372 F.3d at 1242. So, "where the plaintiff's failure to file was caused by plaintiff's

5

own negligence, the limitations period will not be equitably tolled." *Bryant v. U.S. Dep't of Agric.*, 967 F.2d 501, 504 (11th Cir. 1992) (quoting *Smith v. McClammy*, 740 F.2d 925 (11th Cir. 1984)). Equitable tolling "does not extend 'to what is at best a garden variety claim of excusable neglect.'" *Id.* (quoting *Irwin v. Veterans Admin.*, 498 U.S. 89, 95 (1990)).

Here, Scott argues that excusable neglect caused his Complaint to be untimely. Scott does not argue that extraordinary circumstances like fraud, misinformation, or deliberate concealment prevented him from filing his Complaint on time. He simply contends he should be excused from the deadline requirement without explaining how his neglect was excusable. Equitable tolling is not authorized under these circumstances. Because Scott's Complaint was untimely under both Title VII and the ADA, it must be dismissed.

## CONCLUSION

For the reasons set forth above, Piedmont's motion to dismiss (ECF No. 9) is granted.

IT IS SO ORDERED, this 23rd day of May, 2019.

S/Clay D. Land<br>
CLAY D. LAND<br>
CHIEF U.S. DISTRICT COURT JUDGE<br>
MIDDLE DISTRICT OF GEORGIA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JIMMY SCOTT, | * |
| Plaintiff, | * |
| v. | Case No. 4:19-CV-00004-CDL |
| | * |
| PIEDMONT COLUMBUS REGIONAL HOSPITAL, | * |
| Defendant. | * |

## **J U D G M E N T**

Pursuant to this Court's Order dated May 23, 2019, and for the reasons stated therein, JUDGMENT is hereby entered dismissing this case. Plaintiff shall recover nothing of Defendant.

This 24th day of May, 2019.

David W. Bunt, Clerk

s/ Elizabeth S. Long, Deputy Clerk

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION



JIMMY SCOTT,

    Plaintiff

V

    CIVIL ACTION NO.

    4:19-CV-00004-CDL

PIEDMONT COLUMBUS REGIONAL HOSPITAL,

    Defendant

## *NOTICE OF APPEAL*

Notice is hereby given that Jimmy Scott pro se, plaintiff in the above-captioned case, hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the order of this Court, JUDGMENT dismissing this case, entered on *May 24, 2019*. I hereby certify that the appeal is not taken for purpose of delay. However, I was surprised that a hearing was excluded and from the understanding, this is part of the proceedings where the Judge could have become better educated and mature in this decision. And have a full complete, comprehensive knowledge or understanding to sort out and settle disputable issues and to provide attributable or distinguishable evidence involving extraordinary circumstances in the proceeding

                                                            Jimmy Scott

                                                          */s/ Jimmy Scott*

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

JIMMY SCOTT,

    Plaintiff

V

    CIVIL ACTION NO.

    4:19-CV-00004-CDL

PIEDMONT COLUMBUS REGIONAL HOSPITAL,

    Defendant

## Certificate of Service

I, Jimmy Scott, pro se, Plaintiff hereby certify that on this __19__ day __June__ 2019, filed the foregoing with the Clerk of Court, which I will send notification of such filing, and placing a copy in the U. S. Mail to the following party of record.

    Jimmy Scott

    314 6th Street

    Columbus, Georgia 31901

    Jscott053@gmail.com

    Tel. 706.326.9535

    *Jimmy Scott*

    Plaintiff pro se